UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br>  v.<br>LORENZO GRANT,<br>  Defendant. | Case No. 09-cr-01035-PJH-1<br><br>**ORDER RE CLASSIFICATION OF VIOLATION** |

This matter is before the court for sentencing on supervised release violations by defendant Lorenzo Grant, as alleged in the November 7, 2014 Amended Form 12. Defendant challenges the recommendation of Probation that Charge Number Five, alleging that he violated the condition that he not commit another federal, state, or local crime, based on his conviction for California Penal Code § 273.5, Willful Infliction of Corporal Injury on a Spouse or Cohabitant, is a Grade A Violation. Defendant contends that the § 273.5 conviction does not qualify as a "crime of violence" to satisfy the definition of a Grade A violation, in light of *Johnson (Samuel) v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*"). Def. Disp. Mem. (doc. no. 39) at 4-11. Having heard argument on the matter, and having reviewed the papers and relevant legal authority, the court finds that the § 273.5 conviction is a Grade A supervised release violation.

**I.    Applicable Sentencing Guidelines**

Under U.S.S.G. § 7B1.1(a)(1), a Grade A supervised release violation is defined to include conduct constituting a federal, state, or local offense punishable by a term of imprisonment exceeding one year that is a crime of violence. A "crime of violence" is

defined at § 4B1.2 under the "force" clause in subsection (a)(1) and the enumerated offenses clause and the "residual" clause in subsection (a)(2):

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2.

"Under California law, a person who commits a domestic violence offense 'is guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for two, three or four years, or in a county jail for not more than one year.'" *U.S. v. Denton*, 611 F.3d 646, 651 (9th Cir. 2010) (citing Cal. Penal Code § 273.5).  Defendant does not dispute that his § 273.5 offense was punishable by more than one year's imprisonment, but contends that the offense does not qualify as a "crime of violence" as defined in § 4B1.2 of the guidelines.

**II.     Crime of Violence**

   **A.     Residual Clause**

Defendant argues that the residual clause of the definition of "crime of violence" under the guidelines, § 4B1.2(a)(2), has been rendered void for vagueness under the holding of *Johnson II*, which invalidated an analogous residual clause.  In *Johnson II,* the Court held that the residual clause of the Armed Career Criminal Act (ACCA) defining a "violent felony" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B), violates the Constitution's guarantee of due process against vague criminal laws.  135 S. Ct. at 2563.  Here, the government does not dispute that *Johnson II* has rendered the residual clause of U.S.S.G. § 4B1.2(a)(2) invalid.  The court notes that the Sentencing Commission has

2

adopted an amendment to the definition of "crime of violence" in the guidelines, effective August 1, 2016, that deletes the residual clause at § 4B1.2(a)(2).

### B. Force Clause

The government contends that defendant's conviction for violation of Penal Code § 273.5 meets the definition of a crime of violence under the force clause of § 4B1.2(a)(1), to qualify as a Grade A violation under § 7B1.1. The government cites controlling Ninth Circuit authority recognizing that Penal Code § 273.5 qualifies as a categorical crime of violence under the force clause of 18 U.S.C. § 16(a), which contains a force clause and residual clause nearly identical to U.S.S.G. § 4B1.2.[1] *Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1083-84 (9th Cir. 2010). *See also United States v. Ayala-Nicanor,* 659 F.3d 744, 752 (9th Cir. 2011) (holding that § 273.5 is a categorical crime of violence under the force clause of the illegal reentry guidelines, § 2L1.2); *United States v. Laurico-Yeno,* 590 F.3d 818, 823 (9th Cir. 2010) (same).

Defendant contends that Ninth Circuit caselaw fails to establish that the elements of Penal Code § 273.5 satisfy the force clause of § 4B1.2 under the categorical approach because § 273.5 does not include an element of violent force. Defendant also contends that Ninth Circuit authority holds that even though § 273.5 "could theoretically apply to an injury caused by non-violent force, that statute would nevertheless be considered a categorical crime of violence under the force clause unless the defendant demonstrated with reference to actual decided California cases that this was in fact a 'realistic possibility,'" and that this reasoning has been abrogated by *Johnson II*. Def. Disp. Mem. at 8. Defendant's analysis ignores the reasoning set forth in controlling circuit authority holding that a violation of Penal Code § 273.5 qualifies as a crime of violence under the categorical approach set forth by *Taylor v. United States*, 495 U.S. 575 (1990).

---

[1] As defendant notes, the Ninth Circuit has struck down the residual clause of 18 U.S.C. § 16(b), as incorporated by the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(F), as being void for vagueness following *Johnson II*. *Dimaya v. Lynch*, 803 F.3d 1110, 1111 (9th Cir. 2015), *petition for cert. filed*, June 13, 2016 (No. 15-1498).

### 1. Defense Argument re: Element of Violent Force

Ninth Circuit authority recognizes that a conviction for willful infliction of corporal injury under California Penal Code § 273.5(a) is categorically a crime of violence as defined by the force clauses of 18 U.S.C. § 16(a) and U.S.S.G. § 2L1.2, which are similar to the force clause at issue under U.S.S.G. § 4B1.2. *Banuelos-Ayon v. Holder*, 611 F.3d at 1083-84; *Ayala-Nicanor,* 659 F.3d at 752; *Laurico-Yeno,* 590 F.3d at 823. Applying the *Taylor* categorical approach, the court in *Banuelos-Ayon* looked to federal law governing removability, 8 U.S.C. § 1227(a)(2)(E), to define "crime of domestic violence," which included any crime of violence, as defined in 18 U.S.C. § 16, against a person committed by an individual with whom the person shares a child in common, and looked to California courts to determine the elements of Penal Code § 273.5(a). 611 F.3d at 1084 (citing *Johnson (Curtis) v. United States*, 559 U.S. 133, 138 (2010) ("*Johnson I*")). The Ninth Circuit held that under state law, "§ 273.5(a) requires that 'corporal injury results from a *direct application of force* on the victim by the defendant.'" *Banuelos-Ayon,* 611 F.3d at 1085 (citing *People v. Jackson*, 77 Cal. App. 4th 574, 580 (2000)). The court in *Banuelos-Ayon* applied the categorical approach to determine that a conviction under § 273.5(a) requires the direct use of force against a person, and that this "direct application of force" requirement is equivalent to the "intentional use of force" necessary to satisfy the force clause of 18 U.S.C. § 16(a), which requires a "higher degree of intent than negligent or merely accidental conduct." *Id.* at 1082, 1084-85 (citing *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004); *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir. 2006) (en banc); *Jackson*, 77 Cal. App. 4th at 580).

Defendant argues that § 273.5 does not require the element of violent force, which is necessary to satisfy the force clause under § 4B1.2, which has been construed in the context of the analogous statutory provision under 18 U.S.C. § 16(a) to require that the use of force be intentional and be in the category of "violent, active crimes." *Leocal*, 543 U.S. 1, 9, 11. As the Court elucidated in *Johnson I*, "the phrase 'physical force' means *violent* force - that is force capable of causing physical pain or injury to another person."

4

559 U.S. at 140. The Ninth Circuit expressly recognized that the force clause, as used to define a crime of violence, applies (1) "to only those crimes that require the 'intentional use of force,'" and (2) to crimes that fall "in the category of 'violent, active crimes.'" *Ayala-Nicanor*, 659 F.3d at 748-49 (quoting *Laurico-Yeno,* 590 F.3d at 821) (internal citations and marks omitted). The Ninth Circuit has determined that the plain terms of § 273.5 require that the offender willfully inflict a "corporal injury resulting in a traumatic condition," defined in the statute as a condition "caused by a physical force," and that California law requires that "the corporal injury results from a direct application of force by the defendant upon the victim." *See Laurico-Yeno,* 590 F.3d at 821; *Jackson*, 77 Cal. App. 4th at 578. "This means a defendant can be convicted under § 273.5 only if he or she intentionally uses 'physical force against the person of another'" as required under the force clause of the definition of a "crime of violence" in U.S.S.G. § 2L1.2, cmt. n.1(B)(iii). *Laurico-Yeno,* 590 F.3d at 821. With the understanding that violent force was a necessary element under the force clause, the court in *Laurico-Yeno* reasoned that § 273.5 does not apply to conduct outside the term "crime of violence" as defined in the guidelines and that "it fits squarely within the term by requiring the deliberate use of force that injures another." 590 F.3d at 822.

To the extent that defendant argues that the elements of Penal Code § 273.5 could theoretically apply to an injury caused by non-violent force, such as simple battery, the Ninth Circuit rejected a similar argument raised by the defendant in *Banuelos-Ayon.* There, the court reasoned that "a conviction under § 273.5(a) requires more than a simple battery," and differentiated misdemeanor battery under California Penal Code § 242, which is not a categorical crime of violence because that statute does not require the use of violent force.

> Unlike § 242, which criminalizes the use of "force or violence," § 273.5(a) contains no differentiating provision. California Penal Code § 273.5(a) requires that the defendant "willfully inflict ... corporal injury resulting in a traumatic condition." (emphasis added). The commonsense reading of this language is that § 273.5(a) requires the use of violence. *See United States v. Jimenez*, 258 F.3d 1120, 1125 (9th Cir. 2001)

5

> (holding that a defendant could not "reasonably[ ] dispute that inflicting corporal injury on his spouse involved the use of violence"). Unlike simple battery, which requires "neither a force capable of hurting or causing injury nor violence in the usual sense of the term," § 273.5(a) requires both physical force and a resulting injury. In sum, a conviction under § 273.5(a) is a crime of violence because it requires "the intentional use of force against[a] person."

*Banuelos-Ayon,* 611 F.3d at 1084. Controlling circuit authority disposes of defendant's argument that Penal Code § 273.5 does not include an element of violent force.

### 2. Defense Argument re: Realistic Probability Test

Defendant also contends that the Ninth Circuit authorities holding that Penal Code § 273.5 is a categorical crime of violence under the force clause are called into question by the reasoning of *Johnson II.* There, the Court distinguished the force clause from the residual clause of the ACCA, and found two features of the residual clause that rendered it unconstitutionally vague:

> [U]nlike the part of the definition of a violent felony that asks whether the crime "has as an element the use ... of physical force," the residual clause asks whether the crime "involves conduct" that presents too much risk of physical injury. . . .
>
> Two features of the residual clause conspire to make it unconstitutionally vague. In the first place, the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime. It ties the judicial assessment of risk to a judicially imagined "ordinary case" of a crime, not to real-world facts or statutory elements. . . .
>
> At the same time, the residual clause leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony. It is one thing to apply an imprecise "serious potential risk" standard to real-world facts; it is quite another to apply it to a judge-imagined abstraction. By asking whether the crime "otherwise involves conduct that presents a serious potential risk," moreover, the residual clause forces courts to interpret "serious potential risk" in light of the four enumerated crimes—burglary, arson, extortion, and crimes involving the use of explosives.

*Johnson II*, 135 S. Ct. at 2557, 2558.

As discussed more fully above, defendant erroneously contends that the Ninth Circuit failed to find that § 273.5 included an element of violent force in the cases holding that Penal Code § 273.5 is a categorical crime of violence under the force clause of 18

1  U.S.C. § 16(a) and under the force clause in the definition of "crime of violence" used in
2  the sentencing guidelines.  In support of this contention, defendant argues that even
3  though the elements of § 273.5 could theoretically apply to an injury caused by non-
4  violent force, these cases held that a § 273.5 offense was a categorical crime of violence
5  under the force clause only because the defendants in *Banuelos-Ayon, Laurico-Yeno* and
6  *Ayala-Nicanor* failed to show a "realistic probability" that the statute would be applied to a
7  case involving non-violent force under *Gonzales v. Duenas-Alvarez,* 549 U.S. 183, 193
8  (2007), which defendant contends has been called into question by *Johnson II*.  Def.
9  Disp. Mem. at 6-11.  Defendant's argument misconstrues the reasoning set forth in the
10 Ninth Circuit decisions, and also misconstrues the holding of *Johnson II*.

11     In *Laurico-Teno*, followed by *Banuelos-Ayon* and *Ayala-Nicanor,* the court of
12 appeals applied the *Taylor* categorical approach to compare the elements of § 273.5 to
13 the generic federal definition of crime of violence, and did not, as defendant suggests,
14 rely on the "realistic probability" test of *Duenas-Alvarez* to hold that plain language of the
15 statute fit squarely within the term "crime of violence."  *See* Def. Disp. Mem. at 9-10.  In
16 *Duenas-Alvarez,* the Court considered whether a conviction under a California Vehicle
17 Code statute prohibiting taking a vehicle without consent, including aiding and abetting
18 such an unauthorized taking, constitutes a "theft offense" under 8 U.S.C.
19 § 1101(a)(43)(G), and is thus removable.  The Court rejected the defendant's argument
20 that the California statute would hold an aider and abettor criminally responsible for any
21 crime that "naturally and probably" results from his intended crime, where the defendant
22 did not intend to commit the crimes resulting from his acts, and concluded that the statute
23 fell within the generic definition of a "theft offense."  549 U.S. at 193-94.  The Court in
24 *Duenas-Alvarez* held that the defendant failed to show that California's application of the
25 "natural and probable consequences" doctrine criminalized conduct that reached beyond
26 generic theft, reasoning as follows: "to find that a state statute creates a crime outside the
27 generic definition of a listed crime in a federal statute requires more than the application
28 of legal imagination to a state statute's language.  It requires a realistic probability, not a

7

theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Id.* at 193.

As construed by the Supreme Court, *Duenas-Alvarez* clarified the boundaries of the categorical approach under *Taylor* to determine whether the state offense is comparable to a generic federal offense: "our focus on the minimum conduct criminalized by the state statute is not an invitation to apply 'legal imagination' to the state offense; there must be 'a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime.'" *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684-85 (2013) (quoting *Duenas-Alvarez*, 549 U.S. at 193). The Ninth Circuit has held that it is not necessary to reach the "realistic probability" inquiry to determine whether conduct proscribed by the state statute is broader than the generic federal definition if the categorical analysis is satisfied by the plain language of the state statute: "[where] a state statute explicitly defines a crime more broadly than the generic definition, no 'legal imagination,' is required to hold that a realistic probability exists that the state will apply its statute to conduct that falls outside the generic definition of the crime. The state statute's greater breadth is evident from its text." *United States v. Grisel*, 488 F.3d 844, 850 (9th Cir. 2007) (en banc) (citing *Duenas-Alvarez*, 549 U.S. at 193). *See also Cerezo v. Mukasey*, 512 F.3d 1163, 1167 (9th Cir. 2008) ("where, as here, the state statute plainly and specifically criminalizes conduct outside the contours of the federal definition, we do not engage in judicial prestidigitation by concluding that the statute 'creates a crime outside the generic definition of a listed crime.'") (quoting *Duenas-Alvarez*, 549 U.S. at 193).

In line with these authorities construing *Duenas-Alvarez*, the Ninth Circuit in *Laurico-Yeno* cited *Duenas-Alvarez* for the principle that "[w]hen the state statute's greater breadth is not apparent from the language itself, a defendant must point to 'cases in which the state courts in fact did apply the statute in the special (nongeneric) manner' to show the statute applies to conduct outside the federal definition." 590 F.3d at 822 and n.2 (quoting *Duenas-Alvarez*, 549 U.S. at 193). The court determined, however, that

8

1  the plain language of § 273.5 did not apply to conduct outside the term "crime of
2  violence" as defined in the sentencing guidelines.  The court did not entertain the
3  defendant's hypothetical argument that there was a "theoretical possibility" that California
4  would apply § 273.5 to non-violent conduct, having determined that "Section 273.5 does
5  not penalize minimal, non-violent touchings."  *Laurico-Yeno,* 590 F.3d at 822.

6  In holding that § 273.5 was a categorical crime of violence, the Ninth Circuit found
7  that the plain terms of § 273.5 did not encompass offenses falling outside the generic
8  federal definition of "crime of violence."  The court found no merit in the defendants'
9  arguments presented in *Laurico-Teno*, *Banuelos-Ayon* and *Ayala-Nicanor,* that non-
10 violent or "the least offensive touching" could be punished under § 273.5, given the failure
11 of the defendants there to show that the California courts had applied the statute more
12 broadly.  *See Ayala-Nicanor*, 659 F.3d at 749-50 (citing *Laurico-Yeno*, 590 F.3d at 822
13 and *Banuelos-Ayon*, 611 F.3d at 1085).  The court in *Banuelos-Ayon* specifically
14 discussed several unpublished California decisions cited by the defendant that were
15 issued after the court of appeal's published opinion in *Jackson,* which held that § 273.5(a)
16 requires that corporal injury results from a direct application of force, and found that none
17 of the state cases contradicted *Jackson*.  611 F.3d at 1085 (citing *Jackson*, 77 Cal. App.
18 4th at 580).  The Ninth Circuit's discussion of *Duenas-Alvarez* was limited to addressing,
19 and rejecting, the defendants' arguments that, notwithstanding the plain text of § 273.5,
20 the statute could theoretically apply to non-violent use of force.

21 Defendant contends that, to the extent that the Ninth Circuit relied on *Duenas-*
22 *Alvarez* to hold that § 273.5 is a categorical crime of violence in the absence of a showing
23 that there was a "realistic probability" that the statute could prohibit conduct that falls
24 outside the generic federal definition of a crime of violence, the Ninth Circuit applied the
25 force clause in a manner that is unconstitutional for the same reason that the residual
26 clause was found void for vagueness in *Johnson II.*  Def. Disp. Mem. at 11.  Defendant
27 suggests that the "realistic probability" test under *Duenas-Alvarez* has been abrogated by
28 *Johnson II*, which overruled *James v. United States*, 550 U.S. 192 (2007).  Before the

1    ACCA's residual clause was held unconstitutionally vague in *Johnson II*, the Court in
2    *James* upheld the residual clause to find that a Florida attempted burglary statute
3    qualified as a violent felony.  In *James,* the Court articulated that under the *Taylor*
4    categorical approach, "the proper inquiry is whether the conduct encompassed by the
5    elements of the offense, in the ordinary case, presents a serious potential risk of injury to
6    another."   550 U.S. at 208.  *James* held that attempted burglary under Florida law, which
7    state courts construed to require an overt act directed toward entry of a structure, was an
8    offense that, by its nature, presented a serious potential risk of injury to another, to satisfy
9    the requirements of § 924(e)(2)(B)(ii)'s residual clause.  550 U.S. at 209.  Because the
10   court in *James* cited *Duenas-Alvarez* with approval, defendant suggests that the
11   overruling of *James* by *Johnson II* effectively abrogates the *Duenas-Alvarez* "realistic
12   probability" test, along with the *James* "ordinary case" test, thereby unravelling the
13   holdings of *Laurico-Teno*, *Banuelos-Ayon* and *Ayala-Nicanor*.  Def. Disp. Mem. at 9-11.
14   A close reading of *Johnson II* does not support this argument, and defendant cites no
15   authority recognizing the abrogation of either the *Duenas-Alvarez* "realistic probability"
16   test or the *James* "ordinary case" test.

17   Defendant contends that by overruling *James* to find that ACCA's residual clause
18   was void for vagueness, the Court in *Johnson II* abrogated the "ordinary case" test
19   articulated in *James*, but *Johnson II* did not dispose of the "ordinary case" test altogether.
20   Rather, the Court reasoned that the ACCA's residual clause, defining a violent crime as
21   involving "conduct that presents a serious potential risk of physical injury to another" had
22   two features that, working together, conspired to make it unconstitutionally vague:  First,
23   "the residual clause leaves grave uncertainty about how to estimate the risk posed by a
24   crime" in a "judicially imagined 'ordinary case,'" so that "assessing 'potential risk'
25   seemingly requires the judge to imagine how the idealized ordinary case of the crime
26   subsequently plays out."  *Johnson II,* 135 S. Ct. at 2557-58.  Second, the residual clause
27   "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony."
28   *Id.* at 2558.  The Court held that the combination of both indeterminate features rendered

the residual clause void for vagueness: "By combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* at 2558.  The Court pointed out that "[e]ach of the uncertainties in the residual clause may be tolerable in isolation, but their sum makes a task for us which at best could be only guesswork." *Id.* at 2560 (citation and internal marks omitted).  Thus, *Johnson II* did not abrogate the *James* "ordinary case" inquiry altogether, as defendant suggests, but held that the combination of the "ordinary case" inquiry with the imprecise "serious potential risk" standard denied defendants fair notice and invited arbitrary enforcement by judges.  Accordingly, the "realistic probability" test under *Duenas-Alvarez* was not called into question by *Johnson II*.

### III. Conclusion

Under controlling circuit authority recognizing Penal Code § 273.5 as a categorical "crime of violence," as defined under the force clause of statutory and guidelines provisions analogous to U.S.S.G. § 4B1.2, defendant's § 273.5 conviction qualifies as a Grade A supervised release violation under U.S.S.G. § 7B1.1.

The court will conduct the sentencing hearing as scheduled.

**IT IS SO ORDERED.**

Dated: July 7, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge